**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO JOSE ZITA-MARTINEZ, AKA Pedro Zita-Martinez; et al., | No. 19-70860 |
| Petitioners, | Agency Nos. A098-958-422 A098-958-424 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2021
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Pedro Jose Zita-Martinez and Juan Carlos Zita-Martinez,[1] natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from the decision of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioners' sister, Juana Veronica (A098-958-423), is not included in this disposition. She was severed from the proceedings based on her U-1 Visa status.

("IJ") denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, grant the petition, and remand.

1. An applicant for asylum must establish past persecution or a well-founded fear of future persecution that has a nexus to one of five protected grounds: race, religion, nationality, membership in a particular social group ("PSG"), or political opinion. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(42)(A)). The protected ground must be "at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i), but "persecution may be caused by more than one central reason, and an asylum applicant need not prove which reason was dominant," *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). A "mixed motive" analysis is appropriate where the victim can establish that the alleged persecutor was motivated at least in part by a protected ground. *Baghdasaryan*, 592 F.3d at 1023.

The BIA did not disturb the Immigration Judge's finding that Petitioners were credible. We thus accept Petitioners' testimony as true. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). The BIA assumed the existence of the family as a protected social group, but incorrectly concluded that membership in the family was not "one central reason" for the threats against Petitioners. The record compels the conclusion that family membership was at least one central reason for

Petitioners' persecution. The MS-13 gang initially extorted Petitioners' older brother, Juan Bautista, who was in practical effect Petitioners' protector and surrogate parent. After Juan Bautista refused gang members' demands for payment, the remaining family members, including Petitioners, were threatened with death "one by one." We remand to the BIA to determine whether Petitioners' proposed family PSG is cognizable.

2. The BIA analyzed Petitioners' withholding of removal claim under the standard that preceded this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017), which articulated the "a reason" standard applicable in withholding cases. The government concedes that a remand is required so that the BIA can apply *Barajas-Romero*. Our conclusion as to "one central reason" with respect to asylum necessarily entails a conclusion that the "a reason" standard has been satisfied. *See id.* at 360. On remand, the agency should consider whether, under *Barajas-Romero*, Petitioners are entitled to withholding of removal.

**Petition for review GRANTED and REMANDED.**